IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KELVIN JONES                          §
(# 15032052),                         §
                                      §
            Plaintiff,                §
                                      §
V.                                    §          No. 3:16-cv-215-O-BN
                                      §
SHERIFF LUPE VALDEZ, ET AL.,          §
                                      §
            Defendants.               §

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Reed O'Connor. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss all of Plaintiff Kelvin Jones's claims except for his Eighth Amendment deliberate indifference claim, which survives initial screening and should be allowed to proceed.

### Background

Jones, a pretrial detainee at the Dallas County Jail, has filed this *pro se* 42 U.S.C. § 1983 action against Dallas County Sheriff Lupe Valdez and employees at the Dallas County Jail and/or employees of Parkland Hospital, alleging multiple violations of his constitutional rights. *See* Dkt. No. 3. The Court has granted Jones leave to proceed *in forma pauperis*, *see* Dkt. No. 7, and has issued a questionnaire, *see* Dkt. No.

5, to which Jones has submitted verified responses, *see* Dkt. No. 6.

Through the complaint, as amended by the verified questionnaire responses, Jones makes it clear that his claims against Sheriff Valdez, two employees alleged to head the classification of inmates at the jail (Ms. Ann and Ms. Robinson), and another jail employee identified as Yolanda Lara concern his confinement classification at the jail based on his past conviction for felony escape and/or the responses he has received to grievances he has submitted while incarcerated at the jail. *See* Dkt. No. 3 at 3; Dkt. No. 6 at 4-6.

Jones also names three individuals (Ms. Christine, a supervisor; Mr. Kevin, a director; and Ms. Colleen, an administrator) alleged to work for the "Parkland Jail Hospital," all of whom Jones claims were deliberately indifferent to his medical care following a slip-and-fall in a shower area of the jail on September 6, 2015. *See* Dkt. No. 6 at 7.

Jones has also sued Sargent King, an officer at the jail, who is alleged to have mistreated Jones – taking his property (chess pieces), throwing away a meal of his, and verbally intimidating him – and who Jones further alleges denied religious services to be carried out. *See id.* at 8.

He seeks $30 million in damages and requests that he "get fixed" and "be classified normal and left alone." *Id.* at 9; *see also* Dkt. No. 3 at 4 (requesting only monetary damages).

## Legal Standards

A district court is required to screen a civil action brought by a prisoner –

whether he is incarcerated or detained prior to trial – seeking relief from a governmental entity or employee. *See* 28 U.S.C. § 1915A(a), (c). On initial screening, the Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, that:

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

*Id.* § 1915A(b). Analogously, under 28 U.S.C. § 1915(e)(2)(B), also applicable here, a district court may summarily dismiss any complaint filed *in forma pauperis* – not limited to complaints filed by prisoners seeking relief from a governmental entity or employee – for the same reasons.

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). And a complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

The Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while the Court must accept all of a plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

But, to survive dismissal under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that a plaintiff contends entitle him to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ____, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

Although a court generally cannot look beyond the pleadings in determining whether claims should be dismissed on initial screening, the pleadings here include Jones's verified responses to the Court's questionnaire [Dkt. No. 6], which "become part of [his] pleadings." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citing *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996)); *cf. Coker v. Elerick*, No. 3:04-CV-2381-B, 2005 WL 241215, at *1 (N.D. Tex. Jan. 31, 2005), *rec. adopted*, 2005 WL 415682 (N.D. Tex. Feb. 18, 2005) ("The Fifth Circuit Court of Appeals has approved the use of questionnaires as a proper method to develop the factual basis of a *pro se* complaint." (citing *Eason*; *Watson v. Ault*, 525 F.2d 886, 892-93 (5th Cir. 1976))); *Nixon v. Abbott*, 589 F. App'x 279, 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a *pro se* litigant to develop the factual basis for his complaint." (citation omitted)).

## Analysis

<u>Grievance Claim</u>

To the extent that Jones's claims are based on how the Dallas County Jail has resolved the many grievances he has filed, *see, e.g.,* Dkt. No. 6 at 4 (in response to question asking him to "briefly provide the underlying facts" supporting his claim(s) against Sheriff Valdez, Jones stated that "fact is, I followed chain of command, before even grievance procedure all 3 steps, to no avail nothing happened" and that officers were rude to his wife's inquiries), the United States Court of Appeals for the Fifth Circuit has held that inmates do not have a constitutionally protected interest in

having grievances resolved to their satisfaction, *see Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) (per curiam) ("As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless."); *see also Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007) (per curiam) (holding that the plaintiff had no actionable 42 U.S.C. § 1983 claim based on prison officials' failure to process his grievances because he had no protected liberty interest in the processing of grievances); *Lijadu v. I.N.S.*, Civ. A. No. 06-0518, 2007 WL 837285, at *3 (W.D. La. Feb. 21, 2007) ("[D]etainees do not have a constitutionally protected right to a grievance procedure – much less one that complies with their own personal preferences." (citation and internal quotation marks omitted)).

A prison system is not required to establish grievance procedures, and the failure of a jail or prison to establish or adhere to a grievance procedure does not rise to the level of an actionable constitutional claim. *See* 42 U.S.C. § 1997e(b); *see also Bradford v. Kuykendall*, No. 6:04-cv-565, 2005 WL 1521016, at *5 (E.D. Tex. June 24, 2005) (citing *Geiger*, 404 F.3d at 374). Inmates therefore have no basis for a civil rights lawsuit simply because they are unhappy with grievance procedures. *See id.*

Jones therefore cannot state a plausible constitutional claim against Defendants Valdez, Ms. Ann, Ms. Robinson, and Lara based on the resolution of his grievances.

<u>Confinement Classification Claim</u>

Jones claims that he has been hurt "mentally" and "deprived liberty" based on his confinement classification, which also requires that Jones "wear a uniform" (that

he also refers to as an "escape suit"), and which decision Jones admits is based on his previous convictions – including one for felony escape. Dkt. No. 6 at 4 ("To wear a uniform I'm not on probation either parole for. To carry that burden sickens me to see a buff card or travel card, say in big bold letters escapee."). Relatedly, a grievance response dated January 1, 2015 that Jones has attached to his complaint explains:

> According to the Classification Unit Coordinator, classifying of inmates is based on current and past convictions. You have been convicted of a felony-escape charge, which is considered to be a maximum charge, therefore; you will be housed in maximum custody. At this time, you are not eligible for trusty status and will be placed in orange coveralls.

Dkt. No. 3 at 11 (all caps omitted); *see also* Dkt. No. 6 at 12 (a record Jones attached to verified responses to the questionnaire documenting that he pleaded guilty to "Escape/Felony" in January 1988 and was sentenced to two years' incarceration).

"The standard applied in analyzing constitutional challenges by pretrial detainees hinges upon the classification of the challenge as an attack on a condition of confinement or as an episodic act or omission." *Serton v. Sollie*, No. 02-61010, 2003 WL 22849840, at *2 (5th Cir. Dec. 2, 2003) (per curiam) (citing *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 644 (5th Cir. 1996) (en banc)). Claims, like Jones's, challenging conditions of confinement "are analyzed under the reasonable-relationship test of *Bell v. Wolfish*, 441 U.S. 520 (1979)." *Id.*

> [I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." Conversely, if a restriction or condition is not reasonably related to a legitimate goal – if it is arbitrary or purposeless – a court permissibly may infer that the purpose of the governmental action is punishment that may not

-7-

> constitutionally be inflicted upon detainees qua detainees.
>
> Thus, under *Bell*, a pretrial detainee cannot be subjected to conditions or restrictions that are not reasonably related to a legitimate governmental purpose.

*Hare*, 74 F.3d at 640 (quoting *Bell*, 441 U.S. at 539); *cf. Jones v. Diamond*, 594 F.2d 997, 1016 (5th Cir. 1979) ("Not having been convicted, pretrial detainees are all on the same footing and, in the absence of some special circumstance, are entitled to no different treatment than that accorded to others in the same class. For example, however, ... '[a] detainee with a notorious record as a bank robber may not be entitled to as lenient security conditions as someone serving a misdemeanor sentence.'" (quoting *Feeley v. Sampson*, 570 F.2d 364, 371 (1st Cir. 1978))).

Jones has failed to show that his pretrial detainee classification, in maximum custody, based in particular on his previous conviction for felony escape, is not reasonably related to a legitimate, non-punitive governmental purpose. *Cf. Arps v. Callahan*, 32 F.3d 566, 1994 WL 442486, at *3 (5th Cir. 1994) (per curiam) (affirming dismissal of similar claim as frivolous, on initial screening, because pretrial detainee – who also had prior felony convictions – failed to establish "that the [sheriff's] policy of housing prior felons with convicted felons violated his constitutional rights").

Jones therefore cannot state a plausible constitutional claim against Defendants Valdez, Ms. Ann, Ms. Robinson, and Lara based on his confinement classification.

## Claims against Defendant King

Jones alleges that Sargent King took his chess pieces, threw away a meal of his, verbally intimidated him, and denied religious services to be carried out. *See* Dkt. No.

6 at 8. Within these allegations Jones states that he is Muslim, cites the First Amendment, and alleges "regarding the incident about the religious preface and her throwing food away for Jumah," which the Court notes is an Islamic service. *Id.*

As noted above, Jones primarily seeks monetary damages ($30 million), and any injunctive relief he may be seeking – "to get fixed" and "to be reclassified," Dkt. No. 6 at 9 – logically relates to his deliberate indifference claim (to be discussed below) and his confinement classification claim (discussed above).

Therefore, it cannot be plausibly inferred that Jones seeks monetary damages related to his First Amendment claim. And because Jones fails to allege that he incurred a physical injury related to any claims he associates with Sargent King, including his First Amendment claim, he has failed to state a plausible constitutional claim against this defendant.

First, relatedly, Jones cannot state a constitutional claim against Defendant King for allegedly taking his chess pieces or throwing away his food alone. *See Geiger*, 404 F.3d at 374 ("it is of no consequence whether Geiger alleges a deprivation of property by negligence or intent; in neither instance does he state a valid § 1983 action for deprivation of property"); *see also Denson v. England*, No. 2:07-cv-185, 2008 WL 59171, at *2 (N.D. Tex. Jan. 3, 2008) (rejecting as frivolous a constitutional claim that a prison official "intentionally and wrongly kept [a prisoner's] property" (citing *Geiger*, 404 F.3d at 374)).

Further, because Jones solely seeks monetary damages as to his claims against this defendant, his failure to allege a physical injury is fatal to the viability of the

claims.

In *Geiger*, the Fifth Circuit for the first time directly considered whether the Prison Litigation Reform Act ("PLRA")'s "physical injury requirement," 42 U.S.C. § 1997e(e), which bars "recovery of compensatory damages for mental and emotional injuries (absent physical injury)," applies to First Amendment claims, and our court of appeals agreed

> with the majority of the other federal circuits that have addressed this issue in holding that it is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury.

404 F.3d at 374-75 (footnotes omitted); *see also Carter v. Hubert*, 452 F. App'x 477, 479 (5th Cir. 2011) (per curiam) (affirming district court's "granting summary judgment on [plaintiff's] First Amendment claim that the defendants denied him the right to freely exercise his religion by confiscating his Bible and other religious pamphlets because he [did] not allege that he suffered a physical injury that was more than de minimis" (citations omitted)); *Delafosse v. Stalder*, 169 F. App'x 922, 2006 WL 616053, at *1 (5th Cir. 2006) (per curiam) (affirming "the district court's application of the physical-injury requirement of 42 U.S.C. § 1997e(e) to bar [a] First Amendment claim for compensatory damages due to denial of a religious diet").

Deliberate Indifference Claim

Jones also contends that he suffered a slip-and-fall in a shower area on September 6, 2015. *See, e.g.,* Dkt. No. 6 at 7. As a result, he claims he "was terribly

injured and remain injured" and has incurred "4 month's of pain and wrong meds." *Id.*
He implicates three employees of "Parkland Jail Hospital" as violating his Eighth
Amendment rights as to his treatment following the accident – Ms. Christine (a
supervisor), Mr. Kevin (director), and Ms. Colleen (administrator). *Id.* ("Nothing was
done I'm still in pain.").

Jones states that he "went thru the proper channels" as to this claim, and,
relatedly, included in Jones's complaint is a copy of a grievance response dated
January 18, 2016, stating that "records indicate that a request has been submitted to
the provide to order vitamins and refer you to the ortho spine services for evaluation."
Dkt. No. 3 at 10 (all caps omitted). On the grievance response, Jones writes that as of
December 26, 2015 he had not received an MRI. *See id.* ("I don't see a doctor concerning
my spine until January. I sustained bad injury to my whole back in November or
earlier I can't remember due to the injury to my head so I know this I have been in
constant pain since.").

Complaints concerning the medical care Jones received at the Dallas County Jail
are governed by the Eighth Amendment's deliberate indifference standard. To
establish such a constitutional violation, a plaintiff must show that jail officials acted
with deliberate indifference such as to cause the "unnecessary and wanton infliction
of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This, in turn, requires proof that
a state actor was subjectively aware of a substantial risk of serious harm and failed to
take reasonable measures to abate that risk. *See Hare*, 74 F.3d at 648 (citing *Farmer
v. Brennan*, 511 U.S. 825, 847 (1994)). Delays in providing medical care do not rise to

the level of a constitutional violation unless the delay results in substantial harm. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Nor does an incorrect diagnosis, disagreement with medical treatment, or the failure to provide additional medical treatment constitute deliberate indifference. *See Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001); *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). Rather, a plaintiff must show that the medical staff "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

As this Court has noted, "a delay in medical care is a constitutional violation[, and will survive screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A,] if there has been deliberate indifference which results in substantial harm." *Ellis v. Phillips*, No. 3:12-cv-1117-B-BH, 2012 WL 1969956, at *3 (N.D. Tex. Apr. 23, 2012) (citing *Mendoza*, 989 F.2d at 195); *see also Williams v. Certain Individual Employees of Tex. Dep't of Crim. Justice - Inst'l Div. at Jester III Unit, Richmond, Tex.*, 480 F. App'x 251, 257 (5th Cir. 2010) (per curiam) (holding that district court erred in dismissing claim against duty nurse based on "delay of almost 16 hours in receiving pain medications"); *see also id.* ("[S]evere pain caused by the refusal to immediately treat pain can support a claim of deliberate indifference grounded in delayed treatment." (citing *Harris v. Hegmann*, 198 F.3d 153, 159-60 (5th Cir. 1999); *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001) (in which the Tenth Circuit noted, "We have held that the substantial harm requirement may be satisfied by ... considerable pain."))).

Against these standards, Jones has alleged enough factual content – chiefly that delays in treatment for his accident have resulted in considerable pain – such that his Eighth Amendment claim survives initial screening, and that claim as against the three individuals alleged to be associated with Parkland that Jones names should be allowed to proceed.

## Recommendation

The Court should summarily dismiss all of Jones's claims except for his Eighth Amendment deliberate indifference claim, which survives initial screening and should be allowed to proceed.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

-13-

DATED: April 14, 2016

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE