IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KELVIN JONES<br>(# 15032052),<br><br>    Plaintiff,<br><br>v.<br><br>SHERIFF LUPE VALDEZ et al.,<br><br>    Defendants. | § § § § § § § § § § § § § | Civil Action No. 3:16-cv-00215-O |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. *See* Findings, Conclusions & Recommendation ("FCR"), ECF No. 8. Plaintiff filed objections. *See* Pl.'s Obj., ECF No. 10. The Court has conducted a de novo review of those portions of the proposed findings and recommendation to which an objection was made. Anything to which Plaintiff does not specifically object is subject to review for clear error.

**I.     BACKGROUND**

Kelvin Jones ("Jones"), a pretrial detainee at the Dallas County Jail, filed the present pro se 42 U.S.C. § 1983 ("§ 1983") action against Dallas County Sheriff Lupe Valdez ("Valdez") and employees at the Dallas County Jail and Parkland Hospital, alleging various violations of his constitutional rights. *See generally* Compl., ECF No. 3; Questionnaire Resp., ECF No. 6; Am. Questionnaire Resp., ECF No. 9. Through his Complaint, as amended by Questionnaire Responses, Jones brings various constitutional claims against Sheriff Valdez, two employees who headed the classification of inmates at the jail ("Ann" and "Robinson," respectively), and another jail employee,

Yolanda Lara ("Lara"), regarding: (1) his confinement classification based on a previous conviction; and (2) responses he received to multiple grievances he submitted while incarcerated. *Id*.

Jones also brings an Eighth Amendment deliberate indifference claim, alleging that three individuals who work for Parkland Jail Hospital were deliberately indifferent to his medical care following a slip-and-fall incident in a jail shower area on September 6, 2015. Compl. 3, ECF No. 3.; Questionnaire Resp. 3, ECF No. 6. In addition, Jones brings a claim against Sergeant King for mistreatment, alleging she took away his chess pieces, threw away his meal on at least one occasion, verbally intimidated him, and denied religious services to him. Compl. 3, ECF No. 3; Questionnaire Resp. 4, ECF No. 6. Jones seeks $30 million in damages and requests he "get fixed," alleging mental disabilities, and "be classified normal and left alone." Questionnaire Resp. 4, ECF No. 6.

## II.     ANALYSIS

The Magistrate Judge addressed the following claims brought by Jones: (1) grievance claim; (2) confinement classification claim; (3) claims against Defendant King; and (4) a deliberate indifference claim. *Id*.; *see generally* FCR, ECF No. 8. In the FCR, the Magistrate Judge recommended that the Court summarily dismiss all of Jones's claims except for his deliberate indifference claim. *See* FCR 13, ECF No. 8. Jones appears to object to the following claims: (1) the confinement classification claim; and (2) his claims against Sergeant King. *See generally* Pl.'s Obj., ECF No. 10. The Court will review each of the claims to which Jones objects de novo.

### A.     Jones's Confinement Classification Claim

Jones contends that he was "deprived liberty" and hurt 'mentally" based on his confinement classification for prior convictions, which requires that Jones wears a uniform, to which he refers as an "escape suit." Pl.'s Questionnaire Resp. 4, ECF No. 6 ("To wear a uniform I'm not on

2

probation either parole for. To carry that burden sickens me to see . . . in big bold letters escapee."). Jones attached to his Complaint a grievance response dated January 1, 2015, which states, "According to the Classification Unit Coordinator, classifying of inmates is based on current and past convictions. You *have been convicted of a felony-escape charge*, which is considered to be a maximum charge . . . . At this time, you . . . will be placed in orange coveralls." Inmate Grievance Comm. Resp., ("Grievance Resp."), App. 11, ECF No. 3 (emphasis added).

The Magistrate Judge reasoned that "Jones has failed to show that this pretrial detainee classification, in maximum custody, based in particular on his previous conviction for felony escape, is not reasonably related to a legitimate, non-punitive governmental purpose." FCR 8, ECF No. 8. Accordingly, the Magistrate Judge concluded that "Jones therefore cannot state a plausible constitutional claim . . . based on his confinement classification." *Id*. In his Objections, Jones stated, that he objected to his classification as it "violates the Constitution of [the] United States for double jeopardy" under the Fifth Amendment. Pl.'s Obj. 1, ECF No. 10. He also claims that "[t]his form of abuse adds to my 'mental illness'" and "it's not ok to make a spectacle or public display" over an event that occurred nearly 30 years ago. *Id*. at 2.

"In order to assert a claim for damages for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of the required elements of a § 1983 action: (1) that he has been deprived of a right secured by the Constitution or laws of the United States; and (2) that the defendants deprived him of such right while acting under color of law." *Boyd v. Anderson*, No. 4:13-CV-974-O, 2013 WL 6222881, at *1 (N.D. Tex. Nov. 27, 2013) (O'Connor, J.) (collecting cases). "The constitutional rights of a pre-trial detainee flow from the procedural and substantive guarantees of the Fourteenth Amendment," the provision which "protects the detainee's

3

right to be free from punishment prior to an adjudication of guilt." *Id.*(citing *Olabisiomotosho v. City of Hous.*, 185 F.3d 521, 525–26 (5th Cir. 1999)). "The applicable legal standard in the Fifth Circuit, however, depends on whether the claim challenges a 'condition of confinement' or an 'episodic act or omission.'" *Id.*

Here, Jones's claim is undisputed to be one of "conditions of confinement," which is a "constitutional attack on 'general conditions, practices, rules, or restrictions of pretrial confinement.'" *Id.* (citing *Hare v. City of Corinth*, 74 F.3d 633, 643–44 (5th Cir. 1996)); *see also Scott v. Moore*, 114 F.3d 51, 53 (5th Cir. 1997). Such claims are analyzed under the "reasonable relationship test of *Bell v. Wolfish*, 441 U.S. 520 (1979)." *Scott,* 114 F.3d at 53. Under that test, "a constitutional violation exists only if [the court] find[s] that the condition of confinement is not reasonably related to a legitimate, non-punitive governmental objective." *Id.*

The Court finds that Jones has failed to show that his pretrial detainee classification, based on his previous convictions, one of which was felony escape, is not reasonably related to a legitimate, non-punitive governmental purpose. Jones's objections only describe the alleged stigma and mental impact of his classification, rather than showing that the classification is unrelated to a legitimate, non-punitive objection. *See generally* Pl.'s Obj., ECF No. 10. Thus, Jones's Objections are **OVERRULED** as to his conditions of confinement claim.

    B.    **Claims Against Sergeant King**

Jones's claims against Sergeant King allege that she took his chess board pieces from his bedside and trashed them, threw away his meals, and verbally harassed him. Questionnaire Resp. 4, ECF No. 6. He also states he is Muslim, cites the First Amendment, and mentions "the incident about the religious preface and her throwing food away for Jumah," a religious service. *Id.* at 8.

The Magistrate Judge held that "Jones cannot state a constitutional claim against Defendant King for allegedly taking his chess pieces or throwing away his food alone." FCR 9, ECF No. 8. In addition, the Magistrate Judge held that "[f]urther, because Jones solely seeks monetary damages as to his claims against this defendant, his failure to allege a physical injury is fatal to the viability of the claims." *Id*. at 9–10. In his Objections, Jones states that "camera surv[eill]ance" and "records can reflect the truth" as to the "reckless conduct and abuse" he sustained by Sergeant King. Pl.'s Obj. 3, ECF No. 10.

First, the Court notes that Jones has not stated a valid constitutional claim against Sergeant King for allegedly taking away his chess pieces or throwing away his food. "The United States Supreme Court has held that the 'unauthorized, intentional deprivation of property' does not constitute a civil rights violation if there exists a meaningful post-deprivation remedy." *Layman v. Chacon*, No. 7:12-CV-018-O, 2014 WL 1407414 (N.D. Tex. Apr. 11, 2014) (O'Connor, J.) (collecting cases). "Texas provides an adequate post-deprivation remedy to prisoners by way of common law action for conversion." *Kothmann v. Thaler*, No. 3-10-CV-1306-B, 2010 WL 4063168, at *2 (N.D. Tex. Sept, 17, 2010) (Kaplan, M.J.); *see also id*. ("Plaintiff has the state common-law action of conversion available to remedy his alleged deprivation of property."). Here, "[if] [Sergeant King] exercised unauthorized and unlawful control over [Jones]'s personal property, he has a factual basis to allege a cause of action in conversion," which "would be sufficient to meet constitutional due process requirements." *Layman*, 2014 WL 1407414, at *3. Therefore, Jones cannot maintain an action against Sergeant King for allegedly depriving him of property.

To the extent Jones brings his claims under other provisions, such as the First Amendment, the Court finds his claims fail because he seeks monetary damages, but does not allege he suffered

any physical injury. Under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e), compensatory damages for mental or emotional injuries are non-recoverable in federal civil actions in which a prisoner alleges a constitutional violation, absent physical injury. *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005). Specifically, the *Geiger* panel noted that Fifth Circuit courts "have applied the PLRA's physical injury requirement to bar recovery of compensatory damages for mental and emotional injuries (absent physical injury) in Eighth Amendment cases" and also affirmed the district court "properly determined that his [First Amendment] claim is barred" as well. *Id*. (collecting cases).

Similarly, here, the Court finds that Jones does not allege any physical injury in his claims against Sergeant King. Therefore, without doing so, the PLRA mandates that his constitutional claims are barred. Thus, Jones's Objections are **OVERRULED** as to his claims against Sergeant King.

    **C.**    **Jones's Other Claims**

Jones's other two claims—his grievance claim and his Eighth Amendment deliberate indifference claim against the Hospital staff—were not addressed in his Objections. Therefore, this Court reviewed the proposed findings, conclusions, and recommendation for plain error. Finding none, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. Accordingly, Jones's grievance claim is **DISMISSED**, and Jones's Eighth Amendment claim may proceed.

**III.**    **CONCLUSION**

Plaintiff's objections as to his conditions of confinement claim, and his claim against Sergeant King, are **OVERRULED**, and the Court **ACCEPTS** the Findings, Conclusions, and

Recommendation of the United States Magistrate Judge as the findings of the Court. Accordingly, with the exception of his Eighth Amendment deliberate indifference claim, Jones's request for relief is **DISMISSED without prejudice**. Jones's Eighth Amendment deliberate indifference claim may proceed.

   **SO ORDERED** on this **13th day** of **May, 2016.**


                                          _____
                                          Reed O'Connor
                                          **UNITED STATES DISTRICT JUDGE**