IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KELVIN JONES                          §
(# 15032052),                         §
                                      §
            Plaintiff,                §
                                      §
V.                                    §          No. 3:16-cv-215-O-BN
                                      §
SHERIFF LUPE VALDEZ, ET AL.,          §
                                      §
            Defendants.               §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This civil rights action, filed by Plaintiff Kelvin Jones, an inmate at the Dallas

County Jail (the "Jail"), has been referred to the undersigned United States magistrate

judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of

reference from United States District Judge Reed C. O'Connor.

After initial screening, the Court dismissed all of Jones's claims except for his

Eighth Amendment deliberate indifference claim. *See Jones v. Valdez*, No. 3:16-cv-215-

O-BN, 2016 WL 2763883 (N.D. Tex. May 13, 2016). That claim was allowed to proceed,

the three defendants Jones identified as associated with that claim were served, and

they now have answered. *See* Dkt. Nos. 12, 13, 14, 15, 16, & 17.

As directed by the Court, *see* Dkt. No. 22, those defendants – Kevin Alaggio, RN

(who Jones identifies as "Kevin Allegio, RN"); Colleen Eickmeier, RN (who Jones

identifies as "Colleen Egmeyer, RN"); and Christine Joll, RN, all three supervisory

employees of the Jail Health Department ("Defendants") – have moved for summary

judgment as to their affirmative defenses of qualified immunity, s*ee* Dkt. Nos. 25 & 26. The Court afforded Jones an opportunity to request limited discovery in order to respond to Defendants' qualified immunity defenses, *see* Dkt. Nos. 30 & 32, but his motion for leave [Dkt. No. 33] was denied because the discovery requested was not "narrowly tailored to uncover only those facts needed to rule on the immunity claims of Defendants," Dkt. No. 37 at 4 (citations, internal quotation marks, and bracket omitted). Jones has responded to the Defendants' request for summary judgment as to their qualified immunity defenses, *see* Dkt. No. 38, but Defendants did not file a reply brief, and the time to do has passed, *see* Dkt. No. 37.

The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should grant the motion for summary judgment as to Defendants' qualified immunity defenses and dismiss Jones's remaining claims (for deliberate indifference) – as well as this action – with prejudice.

## Applicable Background

Jones's Eighth-Amendment contentions turn on the care he received after an alleged slip-and-fall in a shower area at the Jail on September 6, 2015. *See, e.g.*, Dkt. No. 6 at 7. As a result of the fall, Jones claims he "was terribly injured and remain[s] injured" and he has incurred "4 month's of pain and wrong meds." *Id.*

Jones states that he "went thru the proper channels" as to these allegations, and included in his complaint is a copy of a grievance response dated January 18, 2016, providing that "records indicate that a request has been submitted to the provide to

order vitamins and refer you to the ortho spine services for evaluation." Dkt. No. 3 at 10 (all caps omitted). On the grievance response, Jones writes that, as of December 26, 2015, he had not received an MRI. *See id.* ("I don't see a doctor concerning my spine until January. I sustained bad injury to my whole back in November or earlier I can't remember due to the injury to my head so I know this I have been in constant pain since.").

Jones's version of events is drawn from his complaint [Dkt. No. 3], which includes a declaration signed "under penalty of perjury [that] all facts presented [therein] are true and correct," *id.* at 5, and his verified responses to the Court's first questionnaire [Dkt. No. 6] because Jones failed to respond substantively to Defendants' summary judgment motion, *see* Dkt. No. 38. As such, in considering the motion for summary judgment, the undersigned has credited the complaint and applicable questionnaire responses as "competent summary-judgment evidence." *Leggett v. Lafayette*, 608 F. App'x 187, 190 (5th Cir. 2015) (per curiam) (citing *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 382 n.2 (5th Cir. 2013); *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (per curiam)).

## Legal Standards

Qualified Immunity Generally

"Qualified immunity attaches when an official's conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *White v. Pauly*, ___ S. Ct. ____, No. 16-67, 2017 WL 69170, at *4 (U.S. Jan. 9,

2017) (per curiam) (quoting *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (per curiam));
*accord Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *Harlow v. Fitzgerald*, 457 U.S.
800, 818 (1982). This "gives government officials breathing room to make reasonable
but mistaken judgments, and protects all but the plainly incompetent or those who
knowingly violate the law." *Stanton v. Sims*, 134 S. Ct. 3, 5 (2013) (per curiam)
(quoting *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2085 (2011); internal quotation marks
omitted); *accord City & Cty. of San Francisco v. Sheehan*, 135 S. Ct. 1765, 1774 (2015);
*see also Mullenix*, 136 S. Ct. at 308 ("[a] clearly established right is one that is
'sufficiently clear that every reasonable official would have understood that what he
is doing violates that right'"(quoting *Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012))).

A court must " assess the reasonableness of each defendant's actions separately,
even if those defendants acted in unison." *Pratt v. Harris Cty., Tex.*, 822 F.3d 174, 181
(5th Cir. 2016) (citing *Meadours v. Ermel*, 483 F.3d 417, 422 (5th Cir. 2007)). And,
while review of a motion for summary judgment based on qualified immunity is
accomplished in two steps, a court may conduct the required two-step examination in
any order. *See Pearson*, 555 U.S. at 236.

Regardless of which prong is addressed first, a court must decide "whether the
facts, taken in the light most favorable to the plaintiff, show the officer's conduct
violated a federal constitutional or statutory right." *Luna v. Mullenix*, 773 F.3d 712,
718 (5th Cir. 2014) (citing *Tolan*, 134 S. Ct. at 1865; *Flores v. City of Palacios*, 381 F.3d
391, 395 (5th Cir. 2004)), *reversed on other grounds*, 136 S. Ct. 305 (2015). Put

-4-

differently, under the first prong, a court simply must decide "whether the plaintiff has alleged a violation of a constitutional right." *Charles v. Grief*, 522 F.3d 508, 511 (5th Cir. 2008).

A court also must decide "whether the defendant's actions violated clearly established statutory or constitutional rights of which a reasonable person would have known." *Flores*, 381 F.3d at 395. This second prong of the analysis requires a court to determine "whether the defendant's conduct was objectively reasonable in light of the clearly established law at the time of the incident." *Charles*, 522 F.3d at 511. That is, "whether it would have been clear to a reasonable [state employee] in the [defendants'] position that their conduct was unlawful in the situation they confronted." *Wood v. Moss*, 134 S. Ct. 2056, 2067 (2014) (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001); internal quotation marks and brackets omitted from original)).

Resolving Qualified Immunity at Summary Judgment

As soon as a defendant invokes his entitlement to qualified immunity, "the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam); *see Harris v. Serpas*, 745 F.3d 767, 771 (5th Cir. 2014) ("Once the defendant raises the qualified immunity defense, 'the burden shifts to the plaintiff to rebut this defense by establishing that the official's allegedly wrongful conduct violated clearly established law.'" (quoting *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008))).

"Despite this burden-shifting, all reasonable inferences must be drawn in the

non-movant plaintiff's favor." *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016) (citing *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010)). That said, a plaintiff's burden at summary judgment "'to rebut a claim of qualified immunity once the defendant has properly raised it in good faith'" "'is a 'demanding [one].'" *Mendez v. Poitevent*, 823 F.3d 326, 331 (5th Cir. 2016) (respectively quoting *Cole v. Carson*, 802 F.3d 752, 757 (5th Cir. 2015); *Vincent v. City of Sulphur*, 805 F.3d 543, 547 (5th Cir. 2015)).

And the qualified immunity defense is appropriately resolved at the summary judgment stage when (1) a plaintiff has established that the defendant has engaged in the complained-of conduct or (2) the court "skip[s], for the moment, over ... still-contested matters to consider an issue that would moot their effect if proved." *Harlow*, 457 U.S. at 818; *see also Haverda v. Hays Cty.*, 723 F.3d 586, 599 (5th Cir. 2013). "'If resolution of [qualified immunity] in the summary judgment proceedings turns on what the defendant actually did, rather than on whether the defendant is immunized from liability ..., and if there are conflicting versions of his conduct, one of which would establish and the other defeat liability, then the case is inappropriate for summary judgment.'" *Haverda*, 723 F.3d at 599 (quoting *Barker v. Norman*, 651 F.2d 1107, 1123-24 (5th Cir. Unit A July 1981)).

Accordingly, a court's qualified immunity inquiry at the summary judgment stage requires that the court "accept the plaintiff's version of the facts (to the extent reflected by proper summary judgment evidence) as true." *Haggerty v. Tex. S. Univ.*,

391 F.3d 653, 655 (5th Cir. 2004); *see also Tolan*, 134 S. Ct. at 1863 ("[I]n ruling on a

motion for summary judgment, the evidence of the nonmovant is to be believed, and

all justifiable inferences are to be drawn in his favor."); *Anderson v. Valdez*, ___ F.3d

____, No. 15-40836, 2016 WL 7667301, at *12 (5th Cir. Nov. 9, 2016) (observing that

"[e]ven in the context of qualified immunity, 'the facts alleged' must be '[t]aken in the

light most favorable to the party asserting the injury'" (quoting *Tolan*, 134 S. Ct. at

1865)).

"Although summary judgment may be appropriate based on a plaintiff's inability

to prove the facts essential to recovery, this has 'nothing to do with the qualified

immunity defense.'" *Haverda*, 723 F.3d at 599 (quoting *Barker*, 651 F.2d at 1124)).

"[I]mmunity ... [is] an entitlement distinct from the merits of the case." *Good v. Curtis*,

601 F.3d 393, 397 (5th Cir. 2010) (citation and quotation marks omitted).

<u>Eighth Amendment Deliberate Indifference</u>

To establish a constitutional violation under the Eighth Amendment's deliberate

indifference standard, a plaintiff must show that jail officials acted with deliberate

indifference such as to cause the "'unnecessary and wanton infliction of pain.'" *Estelle*

*v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)

(joint opinion of Stewart, Powell, and Stevens, JJ.)). This, in turn, requires proof that

a state actor was

> "aware of facts from which the inference could be drawn that a
> substantial risk of serious harm exists, and he must also draw the
> inference." Therefore, to avoid liability, "[p]rison officials charged with
> deliberate indifference might show ... that they did not know of the

underlying facts indicating a sufficiently substantial danger and that they were therefore unaware of a danger, or that they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent."

*Hyatt*, 843 F.3d at 177 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 844 (1994)).

"Furthermore, evidence that an official was aware of a substantial risk to inmate safety does not alone establish deliberate indifference." *Id.* Indeed, "'prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted.'" *Id.* (quoting *Farmer*, 511 U.S. at 844). In that respect, delays in providing medical care do not rise to the level of a constitutional violation unless the delay results in substantial harm. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). And an incorrect diagnosis, a disagreement with medical treatment, or a failure to provide additional medical treatment – alone – does not constitute deliberate indifference. *See Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001); *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

"A prison official acts with deliberate indifference only if 'he knows that inmates face a substantial risk of serious bodily harm ... [and] disregards that risk by failing to take reasonable measures to abate it.'" *Hyatt*, 843 F.3d at 179 (quoting *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006)); *see, e.g.*, *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985) (to establish an Eighth Amendment violation, a plaintiff must show that medical staff "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince

a wanton disregard for any serious medical needs").

## Analysis

As stated above, Defendants are supervisory medical employees at the Jail –
Nurse Eickmeier is Director of Special Projects and Programming, Jail Health, *see* Dkt.
No. 26-4 at 199; Nurse Joll is Unit Manager of the Jail's Medical Infirmary, *see id.* at
210; and Nurse Alaggio is Director of Nursing, Jail Health, *see id.* at 230. And Jones
has not sued another medical defendant at the Jail. Nor has he sued Defendants in
their capacities as being responsible for the training and supervision of subordinates.
*See* Dkt. No. 6 at 7; *see also Pena v. Givens*, 637 F. App'x 775, 785-86 (5th Cir. 2015)
(per curiam) ("This Court has held supervisors 'liable for constitutional violations
committed by subordinate employees when supervisors act, or fail to act, with
*deliberate indifference* to violations of others' constitutional rights committed by their
subordinates.' *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 255 (5th Cir. 2005)
(emphasis in original).... Supervisory liability requires a constitutional violation by a
subordinate. With no underlying violation for denial of medical care, the Supervisory
Defendants cannot be liable under § 1983 for any supervisory deficiencies regarding
the medical care provided to Parkland's mental patients." (citation omitted)); *Carr v.
Montgomery Cty., Tex.*, 59 F. Supp. 3d 787, 796 (S.D. Tex. 2014) ("[T]o hold the county
or an employee's supervisor liable, plaintiff must plead facts to establish the actual
liability of the county or the supervisor, as neither can be held vicariously liable for an
employee's actions under § 1983." (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658,

694 (1978); *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005))).

Accordingly, the undersigned has examined Defendants' limited interactions with Jones at the Jail as outlined in the detailed sworn affidavit each has submitted. *See* Dkt. No. 26-4 at 196-235.

At the outset, however, the undersigned observes that Defendants have submitted some 942 pages of records, documenting the treatment of Jones from his initial incarceration on June 11, 2015 through the end of January 2016 – some four months after the slip-and-fall. *See* Dkt. No. 26. This combination of detailed testimony from Defendants and Jones's "own voluminous medical records" belies Jones's nonspecific claim that his medical treatment – much less medical treatment by Defendants – at the Jail, which may not have been to his complete satisfaction, violated his rights under the Eighth Amendment. *Simpson v. Oakes*, 640 F. App'x 86, 88 (2d Cir. 2016) (per curiam) ("Against defendants' detailed declarations and Simpson's own voluminous medical records, Simpson identifies no evidence of deliberate indifference giving rise to a genuine issue of material fact to be decided at trial. To the contrary, the record establishes that defendants provided Simpson with extensive medical care. Insofar as Simpson disagrees with defendants' medical judgment as to the proper course of treatment, that does not support a constitutional claim for deliberate indifference." (citations omitted)); *accord Franklin v. Auths. of Tex. Dep't of Crim. Justice, Institutional Div.*, No. 5:04-cv-116-BG, 2005 WL 477991, at *3

(N.D. Tex. Feb. 24, 2005); *Richie v. UTMB Hosp. Galveston*, No. 2:12cv322, 2013 WL 12099869, at *6 (S.D. Tex. Feb. 15, 2013); *cf. Davenport v. Tanner*, Civ. A. No. 13-505, 2014 WL 2041869, at *3 (E.D. La. May 16, 2014) ("[S]uffice it to say that the sheer volume of medical records that have been provided to the Court and to Plaintiff tend to belie any deliberate indifference on the defendants' part.").

Beginning with Nurse Eickmeier, she has testified that she neither treated nor spoke with Jones regarding his health care or his medical grievances. *See* Dkt. No. 26-4 at 199. Jones has not refuted this testimony in any respect. Nor do Jones's verified allegations raise an inference that conflicts with Nurse Eickmeier's testimony. As such, the undersigned finds that Jones has not carried his burden to rebut Nurse Eickmeier's entitlement to qualified immunity "by establishing that [her] allegedly wrongful conduct violated clearly established law." *Brumfield*, 551 F.3d at 326; *see, e.g.*, *Douglas v. State of Texas*, No. 6:02-cv-80-C, 2003 WL 22861302, at *8 (N.D. Tex. Mar. 19, 2003) ("Plaintiffs have produced no evidence of any personal involvement by Defendant Murray which caused Decedent's death or injuries. Indeed, the evidence not only acknowledged that Defendant Murray was not present at the time of the alleged constitutional violations, but the evidence also shows that Defendant Murray was unaware that Decedent had been in a physical altercation or that the nurse had examined him until after Decedent's death the next morning. Plaintiffs have offered no persuasive evidence which shows that Defendant Murray ultimately demonstrated a subjective and deliberate indifference to Decedent's right to adequate medical care

-11-

or that Defendant Murray's supervisory inadequacies, if any, were 'obvious and obviously likely to result in a constitutional violation.' Defendant Murray may not be held vicariously liable for actions of the nurses whom he supervises.").

Similarly, neither Nurse Joll nor Nurse Allagio treated Jones. *See* Dkt. No. 26-4 at 212-235. Nurse Joll interacted with Jones three times, while Nurse Allagio met with Jones once; all those encounters were to address Jones's medical grievances. *See id.* And the summary judgment evidence, which Jones has not refuted, establishes that both Defendants did not ignore Jones's complaints but instead addressed his concerns each time they met with him. *See id.* at 216 (on October 28, 2015, Nurse Joll "arranged for an M.D. to see Mr. Jones that day, and she renewed his Tylenol and Codeine and she continued his Robaxin (muscle relaxant) and Ibuprofen (a non-steroidal anti-inflammatory drug)"); 217 (on November 18, 2015, Nurse Joll "arranged for [Jones] to see an Infirmary M.D."); 217 (on June 8, 2015, Nurse Joll "told Mr. Jones that [she] had spoken to one of his Infirmary medical providers who informed [Nurse Joll] that [Jones] does not have rheumatoid arthritis. [Nurse Joll] told [Jones that she] was arranging for an Infirmary M.D. to see him, which did occur and that physician increased Mr. Jones's pain medication"); 231 (detailing Nurse Allagio's March 30, 2016 meeting with Jones).

The undersigned therefore finds that Jones has not carried his burden to rebut either Nurse Joll's or Nurse Alaggio's entitlement to qualified immunity "by establishing that [either defendant's] allegedly wrongful conduct violated clearly established law." *Brumfield*, 551 F.3d at 326; *see, e.g.*, *Hall v. Wood*, No. 1:13cv233,

2016 WL 4620005, at *5 (E.D. Tex. Aug. 10, 2016) ("Plaintiff's allegations fail to demonstrate deliberate indifference on the part of defendant Wood. Her response to the grievance indicated she had reviewed plaintiff's records, determined what needed to happen in order for plaintiff's treatment to move forward and taken steps to cause the necessary consultation to take place. These actions prevent the conclusion that defendant Wood disregarded a substantial risk of serious harm to plaintiff by failing to take reasonable steps to abate it. Defendant Wood did not ignore plaintiff's complaints." (citations omitted)), *rec. adopted*, 2016 WL 4595894 (E.D. Tex. Sept. 2, 2016).

In sum, since there is no evidence that Defendants violated Jones's constitutional rights, and thus no material factual dispute as to Jones's deliberate indifference claims, Defendants are entitled to summary judgment on their affirmative defenses of qualified immunity.

### Recommendation

The Court should grant Defendants' motion for summary judgment as to the qualified immunity defenses [Dkt. No. 25] and dismiss Jones's remaining claims – and this action – with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 25, 2017

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE